UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES P.,

              Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

CASE NO. C18-1618-MJP-BAT

**REPORT AND RECOMMENDATION**

Plaintiff seeks review of the denial of his Disability Insurance Benefits application. He contends the ALJ erred in rejecting two medical opinions and in discounting his wife's lay statement. Dkt. 10 at 1. For the reasons below, the Court recommends **REVERSING** the case and **REMANDING** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 54 years old, has a high school diploma and two years of technical college education, and has worked as a heavy equipment operator and stockbroker. Tr. 216-17, 219, 222. In October 2014, he applied for benefits, alleging disability as of July 1, 2012.[1] Tr.

---

[1] At the administrative hearing, Plaintiff amended his alleged onset date to March 6, 2013. Tr. 219.

REPORT AND RECOMMENDATION - 1

366-67.  His application was denied initially and on reconsideration.  Tr. 283-91, 293-97.  The ALJ conducted a hearing on February 14, 2017 (Tr. 213-47), and subsequently found Plaintiff not disabled.  Tr. 33-45.  The Appeals Council denied Plaintiff's request for review making the ALJ's decision the Commissioner's final decision.  Tr. 14-20.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one:**  Plaintiff did not engage in substantial gainful activity between his amended alleged onset date and his date last insured ("DLI").

**Step two:**  Plaintiff's osteoarthritis, degenerative disc disease, scoliosis, gastrointestinal disorders, acid-reflux, anxiety disorder, and depressive disorder were severe impairments through the DLI.

**Step three:**  Through the DLI, these impairments did not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity ("RFC"):**  Through the DLI, Plaintiff had the RFC to perform light work as follows: he could lift/carry up to 20 pounds occasionally and 10 pounds frequently.  He could sit, stand, or walk with normal breaks for about six hours in an eight-hour workday.  His ability to push/pull (including the operation of hand and/or foot control) was unlimited, within the lift/carry restrictions.  He could frequently handle, finger and feel with his dominant right/wrist.  He could understand, remember, and carry out simple instructions. He could make judgments commensurate with the functions of unskilled work, i.e., work that needs little to no judgment to do simple duties, and a person can usually learn to do the job in 30 days, where little specific vocational preparation and judgment are needed.  He was able to respond appropriately to supervision but could not work in close coordination with coworkers where teamwork is required.  He was able to deal with occasional changes in the work environment.  He could do work that requires no contact with the general public to perform the tasks.

**Step four:**  Plaintiff could not perform his past work.

**Step five:**  As there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

Tr. 33-45.

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

REPORT AND RECOMMENDATION - 2

**DISCUSSION**

**A.     Medical Evidence**

Plaintiff argues the ALJ misevaluated the opinions of two medical sources. The ALJ must give specific and legitimate reasons for rejecting a treating or examining doctor's opinion that is contradicted by another doctor, and clear and convincing reasons for rejecting a treating or examining doctor's uncontradicted opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

*1.      Luci Carstens, Ph.D.*

Dr. Carstens performed a psychological examination of Plaintiff in April 2015, and wrote a narrative report describing his symptoms and limitations. Tr. 597-602. Dr. Carstens opined that, among other things, Plaintiff's symptoms "would likely interfere markedly with his ability to deal effectively with the normal demands/expectations inherent in a typical work setting." Tr. 602. The doctor also found "[Plaintiff] is able to perform routine tasks without special supervision, although the timeliness and quality of these tasks may be impacted by his back pain as well as decreased motivation when he is depressed." Tr. 602. The ALJ discounted Dr. Cartsens' opinion for two reasons; Plaintiff argues the ALJ erred in that these reasons are not legally sufficient. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (holding that an ALJ may discount a contradicted examining provider's opinion by providing specific, legitimate reasons supported by substantial evidence).

First, the ALJ rejected Dr. Carstens' opinion that Plaintiff is markedly limited in his ability to deal with workplace demands/expectations "because this shows reliance more on what he told her than the results of her clinical examination." Tr. 42. An ALJ may reject a doctor's opinion, if the opinion is based "to a large extent" on an applicant's self-reports and not on

clinical evidence, and the ALJ finds the applicant not credible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

However, when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–1200 (9th Cir. 2008). Additionally, an ALJ does not provide clear and convincing reasons for rejecting an examining doctor's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports her ultimate opinion with her own observations. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001).

Here, Dr. Carstens did not find malingering and did not indicate she did not believe Plaintiff. *See e.g.* Tr. 602. The doctor also couched her opinions based upon her clinical examination; for example, the doctor stated that based upon "clinical observations there was no evidence that [Plaintiff] was inebriated at the time of the examination"; the doctor also stated "Based on [Plaintiff's] presenting complaints and clinical observations of his verbal and non-verbal presentation in today's interview, it is considered highly unlikely that [Plaintiff's] functioning status would improve significantly in less than 12 months." *Id.*

Additionally, there is no indication that there is anything improper or irregular about the doctor's examination, and the ALJ made no such finding. Rather the examination appears to be consistent with a mental health examination performed in the context of an application for disability benefits. The fact the doctor took Plaintiff's statements and information and considered them to form an opinion is not a basis to reject a psychological examination. As the Court in *Buck v. Berryhill*, 869 F.3d 1040, 1049-50 (9th Cir. 2017) observed "[d]iagnosis will always depend in part on the patient's self-report, as well as on the clinician's observations of the

REPORT AND RECOMMENDATION - 4

1  patient. But such is the nature of psychiatry. . . thus, the rule allowing an ALJ to reject opinions
2  based on self-reports does not apply in the same manner to opinions regarding mental illness."
3  The ALJ accordingly erred in rejecting Dr. Carsten's opinions on the grounds that the doctor
4  relied more on Plaintiff's statements than the doctor's clinical observations.

5        The ALJ also rejected Dr. Carstens' opinion "because she considered the claimant's
6  physical impairments in assessing his mental RFC." Tr. 42. The ALJ erred. This is not a case in
7  which Dr. Carsten's diagnosed Plaintiff's physical problems and rendered opinions based solely
8  upon her own personal diagnosis, i.e. the doctor made a diagnosis that she is unqualified to
9  make. Rather she reviewed Plaintiff's medical records and noted that he was diagnosed with
10 "pain disorder" after he presented at a hospital. Tr. 598. That Plaintiff suffers from pain is thus
11 part of Plaintiff's medical record, not something Dr. Carsten's concocted for the first time, or
12 speculated about. Further, the ALJ found Plaintiff's ostearthrosis, and degenerative disc disease
13 are severe impairments, noted Plaintiff's testimony about how his pain is disabling and limits his
14 functionality, and found Plaintiff's impairments could be expected to cause Plaintiff's alleged
15 symptoms. Tr. 39.

16       The Court also finds it is unreasonable to find a psychological examination should not
17 take into account the impact physical problems have on the claimant's non-exertional
18 functioning. Pain complaints can easily be directly related to increasing a claimant's anxiety or
19 depression and thus the claimant's ability to concentrate and perform other functions in the
20 workplace. In short, the ALJ erred in rejecting Dr. Carstens' opinion because she considered
21 Plaintiff's physical problems in assessing his mental functioning.
22 /
23 /

REPORT AND RECOMMENDATION - 5

### 2. *Dan Phan, M.D.*

Dr. Phan performed a physical examination of Plaintiff in April 2015. Tr. 607-09. Dr. Phan opined, *inter alia*, "until [Plaintiff's] right hand injury is treated and rehabilitated, he will have difficulty with gross manipulation using his right upper extremity." Tr. 609. The ALJ translated Dr. Phan's opinion into an RFC limitation to frequent reaching, handling, and feeling with his right hand/wrist. Tr. 41. Plaintiff argues the ALJ erred by failing to explain how a RFC determination that Plaintiff can frequently reach, handle, and feel accounts for Dr. Phan's opinion Plaintiff would have difficulty with gross manipulation. Dkt. 10 at 12.

While the ALJ translates and incorporates clinical findings into a succinct RFC, *Rounds v. Comm'r of Social Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015), the RFC determination must be consistent with limitations assessed by a physician. *See Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010).

Here, the ALJ made no finding that Dr. Phan's opinion that Plaintiff would have difficulty with gross manipulation due to a hand injury that occurred in 2012 is contradicted by other evidence. Tr. 607. The fact that Plaintiff continued to have this difficulty despite the passage of three years between the date of injury and Dr. Phan's examination indicates the injury has been long standing and severely affected Plaintiff's functioning. Dr. Phan opined Plaintiff would have difficulty with gross manipulation which is not on its face consistent with the ALJ's determination that Plaintiff could frequently perform manipulative activities, *i.e.*, up to two-thirds of a workday. Under the Social Security Rulings, "occasionally" means "occurring from very little up to one-third of the time," whereas "frequent" means "occurring from one-third to two-thirds of the time." SSR 83–10. Hence on its face, Dr. Phan's opinion is consistent with a finding that Plaintiff is limited to occasionally performing manipulative actions rather than

frequently as the ALJ found. The ALJ failed to provide any explanation to bridge the gap between Dr. Phan's opinion and the RFC determination and thus failed to provide a legally valid reason to not fully adopt the limitation the doctor set forth.

The Commissioner argues there is other evidence of record that supports the ALJ's interpretation of Dr. Phan's opinion, Dkt. 11 at 8. This is a post-hoc argument because the ALJ gave no explanation as to how or why Dr. Phan's opinion could be reasonably interpreted as allowing Plaintiff to frequently handle, finger and feel with his injured extremity. The ALJ accordingly harmfully erred by failing to account for the limitations assessed by Dr. Phan.

**B.     Lay statement of Plaintiff's Wife**

Plaintiff's wife completed a third-party form function report describing Plaintiff's symptoms and limitations.  Tr. 413-20.  The ALJ mentioned Plaintiff's wife's report but discounted it because her analysis was not based on the medical evidence and the State agency reviewing physicians provided "a more comprehensive assessment of [Plaintiff's] RFC."  Tr. 42. Plaintiff argues this is not a germane reason to discount his wife's statement. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness.").

The Court agrees, because the ALJ essentially categorically discounts the statement based on Plaintiff's wife's status as a layperson.  This approach does not comport with Ninth Circuit authority. *See Diedrich v. Berryhill,* 874 F.3d 634, 640-41 (9th Cir. 2017) ("The fact that lay testimony and third-party function reports may offer a different perspective than medical records alone is precisely why such evidence is valuable at a hearing."); *Dodrill*, 918-19 ("[W]e have held that friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition." (citing 20 C.F.R. § 404.1513(e)(2))). On

remand, the ALJ shall reconsider Plaintiff's wife's report and either credit it or provide legally sufficient reasons to discount it.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reconsider the opinions of Drs. Carstens and Phan, Plaintiff's wife's third-party function report and either credit them or provide legally sufficient reasons to discount them. The ALJ shall develop the record and redetermine Plaintiff's RFC as necessary and proceed to step five as appropriate.

A proposed order accompanies this Report and Recommendation. Any objection to this Report and Recommendation must be filed and served no later than **April 30, 2019.** If no objections are filed, the Clerk shall note the matter for **May 3, 2019** as ready for the Court's consideration. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed ten pages. The failure to timely object may affect the right to appeal.

DATED this 16th day of April, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

REPORT AND RECOMMENDATION - 9